IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT COLE and BRENDA COLE, on behalf of themselves and the class defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 CV 014 |
| vs. | ) ) ) | Judge Theresa L. Springmann |
| GMAC MORTGAGE, LLC, successor to GMAC MORTGAGE CORPORATION, | ) ) ) ) | Magistrate Andrew P. Rodovich |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant, GMAC Mortgage, LLC ("GMACM"), submits the following Memorandum in Support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiffs' Complaint asserts a novel and mistaken theory under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq.* The Complaint asserts that: (i) Plaintiffs' counsel's settlement communication in a separate lawsuit was an application for credit under ECOA; and (ii) GMACM violated ECOA by not providing an "adverse action notice," *i.e.*, a letter explaining why Plaintiffs' settlement proposal was not accepted. As discussed below, Plaintiffs' strained attempt to fit their attorney's settlement proposal within ECOA's regulatory framework fails for several reasons. The Complaint should therefore be dismissed.

First, even if ECOA applies to settlement communications in pending litigation, GMACM had no duty to provide an adverse action notice because Plaintiffs were in default at the time of their attorney's settlement proposal. As discussed below, ECOA contains a specific

exception for borrowers in default.  This deficiency alone is fatal to Plaintiffs' claim and requires dismissal with prejudice.

In addition, and more fundamentally, ECOA does not regulate Plaintiffs' counsel's settlement communication because, (a) the settlement communication is not an "application" as defined by ECOA, (b) Plaintiffs' request for a loan modification was not a request for "credit" as defined in ECOA, and (c) GMACM is not a "creditor" under ECOA.  Plaintiffs' Complaint should be dismissed with prejudice for any of these independent reasons.

## FACTS CONSIDERED ON A MOTION TO DISMISS

Plaintiffs commenced a separate action in this Court against GMACM and other defendants on April 5, 2006 (N.D. Ind. Case No. 06-cv-135, the "Prior Case").[1]  In the Prior Case, Plaintiffs sought, among other things, to rescind (*i.e.,* void) their mortgage loan under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA").  (Ex. 1, Prior Complaint at p. 6) (seeking "a judgment voiding plaintiffs' mortgage").[2]

This case arises out of Plaintiffs' attorney's attempt to settle the Prior Case.  Plaintiffs here allege that they applied for a loan modification on June 2, 2008.  (Compl. ¶ 7).  That request for a loan modification came in the form of a settlement communication from their lawyer that specifically referenced the Prior Case, and stated that the request was made "in good faith to

---

[1] The Prior Case was transferred to the U.S. District Court for the Northern District of Illinois as part of the multidistrict litigation matter titled *In Re: Ameriquest Mortgage Practices Litigation*, MDL No. 1715; Lead Case No. 05-cv-7097.

[2] The operative Complaint and docket sheets in the Prior Case are attached to this Memorandum as Exhibits 1 and 2, respectively.  Documents and information relating to the Prior Case come from the file of this or other federal courts.  As matters of public record, the documents and information are subject to judicial notice, and appropriate to consider on a motion to dismiss.  *See*, *e.g.*, *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (citing *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment.")).

work to resolve their case." (Ex. 3, June 2, 2008 Letter).[3] Plaintiffs' counsel never indicated what kind of loan modification Plaintiffs sought or would accept. In fact, Plaintiffs' counsel advised that Plaintiffs "reserve their right to make counter-demands to any offer they are extended and expressly reserve all rights under the lawsuit." (*Id.*)

According to the Complaint, GMACM did not respond to Plaintiffs' June 2, 2008 request and provided no written statement of the reasons why Plaintiffs were not granted a loan modification. (Compl. ¶¶ 8-10). Plaintiffs allege in conclusory fashion that their request for a loan modification was an "application" to a "creditor" for "credit" for purposes of ECOA. (Compl. ¶¶ 11, 18-19). Plaintiffs further allege that GMACM violated ECOA by failing to provide an "adverse action notice" to Plaintiffs explaining why they were not granted a loan modification. (Compl. ¶¶ 12-14).

Plaintiffs do not allege that GMACM discriminated against them in any way, or that they were damaged in any way by GMACM's alleged failure to issue an adverse action notice. They seek an award of statutory damages, attorneys' fees, and injunctive relief.

## **PLEADING STANDARD**

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Thus, a complaint containing mere "labels and conclusions," or "formulaic recitations of the elements of a cause of action" is not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 129 S. Ct. at 1949 (explaining that a complaint must be dismissed if it consists of

---

[3] Plaintiffs' June 2, 2008 letter is properly considered part of the pleadings because it is referenced in the Complaint and is central to the claims in this case. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

3

"'naked assertions' devoid of 'further factual enhancement'"). Moreover, a court is not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Instead a plaintiff must allege *facts*—not just legal conclusions—sufficient to "raise a right to relief above the speculative level." *Id*. Where a complaint contains "merely a formulaic recitation of the cause of action and nothing more," Rule 8(a) is not satisfied, and the complaint must be dismissed. *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009).

## ARGUMENT

ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis of certain characteristics such as race, religion, or gender. 15 U.S.C. § 1691(a)(1). In furtherance of its statutory purpose, ECOA requires creditors that deny an application for credit to provide an "adverse action notice," describing the reasons for the decision. 15 U.S.C. § 1691(d). "Creditor," "credit," "application," and "adverse action" are all defined terms under ECOA. *See* 15 U.S.C. § 1691(d)(6); 15 U.S.C. §§ 1691a(d), (e); 12 C.F.R. §§ 202.2(c), (f), (j), (l).

As discussed below, ECOA simply does not apply in a case such as this one, in which borrowers sue to rescind their mortgage loan, and then propose a settlement structure that includes a negotiated modification of their loan terms.

**I.  PLAINTIFFS WERE NOT ENTITLED TO AN ADVERSE ACTION NOTICE BECAUSE THEY WERE IN DEFAULT WHEN THEY ASKED TO CHANGE THE TERMS OF THEIR LOAN.**

ECOA states that "the term 'adverse action' . . . does **not** include a refusal to extend additional credit under an existing credit arrangement **where the applicant is delinquent or otherwise in default."** 15 U.S.C. § 1691(d)(6) (emphasis added);[4] *accord Howard v. Brim*, No.

---

[4] The definition in full provides as follows: "For purposes of this subsection, the term 'adverse action' means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in

06-070, 2006 WL 4757828, *5 (W.D.N.C. June 8, 2006) (no "adverse action" where parties had an existing credit relationship and borrower was in default); *Gillette of Kingston, Inc. v. Bank of Rhode Island*, No. 05-0616, 2006 WL 1314259, *3 (S. Ct. R.I., May 5, 2006) (same).

Here, Plaintiffs' demand for rescission in the Prior Case triggered a default under the explicit terms of their mortgage. The mortgage provides:

> Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument.

(Ex. 1, Prior Complaint at Ex. F p. 10, § 11). Plaintiffs in the Prior case sought "[a] judgment voiding plaintiffs' mortgage." (Ex. 1, Prior Complaint at p. 6). Thus, the Prior Case was litigation that "could result in . . . material impairment of Lender's interest in the Property or rights under this Security Instrument." Accordingly, Plaintiffs were in default under their existing credit arrangement on June 2, 2008 when they requested a loan modification. As a result, ECOA's adverse action requirements do not apply as a matter of law. Therefore, Plaintiffs cannot state a claim based on GMACM's alleged failure to provide them with an adverse action notice, and this case should be dismissed with prejudice.

## II. PLAINTIFFS' SETTLEMENT COMMUNICATION IS NOT AN "APPLICATION" FOR "CREDIT," AND GMACM IS NOT A "CREDITOR" UNDER ECOA.

The Complaint asserts in the most conclusory fashion that Plaintiffs' settlement demand "was an application subject to the ECOA," that their settlement demand sought "credit," and that GMACM acted as their "creditor." (Compl. ¶¶ 11, 18-19). But the terms "credit," "application," and "creditor" are all defined legal terms, and this Court should not "accept as true a legal

---

substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit." 15 U.S.C. § 1691(d)(6). The definition of "credit" is discussed more below.

5

conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Moreover, Plaintiffs' counsel's June 2, 2008 settlement communication demanding a loan modification demonstrates that it was not an "application" for "credit" under ECOA.  Exhibits control over contradictory allegations in the complaint.  *See Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005); *see also Schwarz v. Loyola University Medical Center*, 659 F. Supp. 2d 988, 991-92, 996 (N.D. Ill. 2009) (documents properly attached to a motion to dismiss control over contradictory allegations in the complaint).  No authority supports Plaintiffs' position that its settlement demands in the Prior Case are regulated by ECOA, and the Court should decline to extend ECOA's requirements to Plaintiffs' settlement communications.

      **A.**    **Plaintiffs' Settlement Communication In The Context Of Pending Litigation Is Not An "Application" Under ECOA.**

Plaintiffs (through their attorneys) made a settlement demand, not a credit application.  Regulation B defines an "application" as a "request for an extension of credit that is made *in accordance with procedures used by a creditor for the type of credit requested.*"  12 C.F.R. § 202.2(f) (emphasis added).  "A creditor has the latitude under the regulation to establish its own application process and to decide the type and amount of information it will require from credit applicants."  12 C.F.R. Part 202, Supp. I at cmt. 2(f)-1.

Plaintiffs do not and cannot allege that their June 2, 2008 request for a loan modification was made in accordance with GMACM's credit application procedures.  The request came in the form of a settlement demand sent by Plaintiffs' litigation counsel in the Prior Case.  Moreover, the request was sent to a law firm that did not even represent GMACM in that action.[5]  Plaintiffs' counsel's June 2, 2008 letter demonstrates that it was part of an ongoing negotiation "to resolve [Plaintiffs' claims in the Prior Case]" by way of a settlement.  (Ex. 3).  Indeed, the settlement

---

[5] The law firm represented one of GMACM's co-defendants in the Prior Case, Ameriquest.  (*See* Ex. 2).

letter made clear that any offer of a loan modification would merely be the beginning of a settlement negotiation. (*Id.*) (expressly stating that Plaintiffs "reserve their right to make counter-demands" and "expressly reserve all rights under the [Prior Case].") There are no facts alleged to suggest that a negotiated litigation settlement of the type sought by Plaintiffs was part of GMACM's normal credit application procedures. Thus, Plaintiffs' June 2, 2008 letter is simply not an "application" under ECOA.

Additionally, even apart from the fact that the request was part of a settlement negotiation, Plaintiffs have alleged no facts suggesting that their attorney submitted the form, information, or supporting documents "in accordance with procedures used by a creditor for the type of credit requested." 12 C.F.R. § 202.2(f); see *Iqbal*, 129 S. Ct. at 1949 (plaintiffs must plead facts to state a plausible claim). The June 2, 2008 settlement request is not an "application" for this additional reason.

Finally, it would simply be unworkable to consider ongoing settlement negotiations a series of credit "applications" subject to ECOA's adverse action requirements. Once a creditor is sued and become a party to litigation, the creditor/litigant's actions are not only based on the creditworthiness of the borrower, as they are in the context of an ordinary credit application. Rather, responses to settlement proposals are based on additional factors, including the creditor's attorney's assessment of the strengths and weaknesses of their client's position. Under Plaintiffs' proposed interpretation, a settlement offer that includes a request for a loan modification would require the lender to either accept the offer, or to explain why they did not accept, which would likely include their attorneys' mental impressions with regard to the case. This is simply an untenable result. *See U.S. Fire Ins. Co. v. Barker Car Rental*, 132 F.3d 1153,

1157 (7th Cir. 1997) ("when determining the meaning of a particular statutory provision, we ought to assume that the legislature did not intend an absurd result").

Accordingly, Plaintiffs' attorney's settlement communication is not an "application" under ECOA, and this case should be dismissed.

### B. Plaintiffs' Settlement Communication Did Not Seek "Credit" As Defined In ECOA.

Plaintiffs June 2, 2008 settlement communication did not seek "credit" as defined by ECOA. "Credit" is defined as the right to "defer" payment of a debt. 15 U.S.C. § 1691a(d). But a loan modification generally involves more than merely deferring payment of a debt. A loan modification generally contemplates some type of debt *forgiveness* in the form of an interest rate reduction or decrease in the principal balance of the loan. Deferring payment of a debt is much different than forgiving some portion of the debt entirely.

Plaintiffs allege no facts to suggest that they were seeking deferral of their debt (*i.e.*, "credit" under ECOA) rather than some type of debt forgiveness. (*See* Compl. ¶ 7) (alleging only that "plaintiffs applied with defendant for a loan modification"). Moreover, regardless of what (if anything) Plaintiffs had in mind when their attorney sent the June 2, 2008 letter, no facts are alleged to indicate that GMACM was ever informed that Plaintiffs were seeking "credit" in connection with their attempt to settle the Prior Case. In other words, Plaintiffs do not allege that they asked GMACM for "credit;" they simply allege that they "applied for a loan modification," which is not limited to credit. (Compl. ¶ 7).

As the Supreme Court explained in *Iqbal*, a plaintiff must plead facts that are more than "merely consistent" with the "possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949; *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) ("[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must

actually suggest that the plaintiff has a right to relief by providing allegations that 'raise a right to relief above the speculative level.'") (internal citations omitted).  Because Plaintiffs have failed to allege any facts to support their bare legal conclusion that their request for a loan modification sought "credit" under ECOA, they have failed to raise their right to relief above a mere possibility and the Complaint must be dismissed.[6]

       **C.**      **GMACM Is Not A "Creditor" Under ECOA.**

No facts support Plaintiffs' bare legal conclusion that GMACM "is a 'creditor' as defined in §1691a," and thus subject to the requirements of ECOA.  (Compl. ¶ 18).  A creditor is defined as someone who "regularly extends" credit, or an assignee of a creditor that participates in the decision to extend credit.  15 U.S.C. § 1691a(e); *see also* 12 C.F.R. § 202.2(*l*) (defining a creditor as "a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit").

Plaintiffs correctly suggest in their June 2, 2008 settlement letter that GMACM is their loan servicer.  (Ex. 3).  Loan servicers such as GMACM do not fall within the definition of creditor under ECOA as a matter of law.  *See Wenglicki v. Tribeca Lending Corp.*, No. 07-4522, 2009 WL 2195221, *5 (E.D. Pa. July 22, 2009) (dismissing ECOA claim with prejudice because defendant was "a servicer, not creditor … therefore there can be no ECOA claim" against them);

---

[6] The Federal Reserve Board's Division of Consumer and Community Affairs issued a short letter on December 4, 2009 addressing what factors should be considered in evaluating whether or not an adverse action notice is required where a request for a loan modification is not granted.  *See* Federal Reserve Board, "Mortgage Loan Modifications and Regulation B's Adverse Action Requirement," *available at* http://www.federalreserve.gov/boarddocs/caletters/ 2009/0913/caltr0913.htm.  This letter recognizes that borrowers in default are not entitled to adverse action notices, but goes on to suggest (without analysis or authority) that "credit" may include forms of debt forgiveness such as an interest rate reduction.  The letter is not binding authority, as it was not promulgated as part of the normal process by which FRB guidance becomes part of the binding Commentary.  *See* 12 C.F.R. Part 202, Supp. I, cmt. 2 ("Interpretations will be issued at the discretion of designated officials and incorporated in this commentary following publication for comment in the Federal Register.  Except in unusual circumstances, official staff interpretations will be issued only by means of this commentary."); *see also Weizorock v. ABN AMRO*, 337 F.3d 827, 831 n.2 (7th Cir. 2003) (refusing to defer to informal policy statement issued by HUD because "the statute is clear on its face and HUD's statement was adopted without any formal rulemaking procedures").

*Flowers v. South Western Motor Sales, Inc.*, No. 08-449, 2008 WL 4614307, *3 (N.D. Ill. Oct. 14, 2008) (dismissing claim for violation of ECOA notice requirement where plaintiff failed to make "any allegations that suggest that defendant regularly participates in the decisions to make loans").

Because Plaintiffs allege no facts demonstrating that GMACM is a "creditor" with respect to their loan, their Complaint should be dismissed for this additional reason.

## CONCLUSION

For the reasons set forth above, Defendant GMAC Mortgage, LLC respectfully requests that the Court grant its Motion in its entirety, and dismiss Plaintiffs' Complaint with prejudice.

DATED:  February 19, 2010                                     Respectfully Submitted,

                                                              GMAC MORTGAGE, LLC


                                                              By:      /s/ P. Russell Perdew
                                                                    One of its Attorneys


P. Russell Perdew (Indiana bar No. 22617-45)
Thomas J. Cunningham (application for admission pending)
Simon Fleischmann (application for admission pending)
Julia C. Webb (application for admission pending)
**LOCKE LORD BISSELL & LIDDELL LLP**
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700
Fax: (312) 896-6712
rperdew@lockelord.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 19, 2010, he filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss, thereby causing it to be served upon all persons and entities registered and authorized to receive such service through the Court's Case Management / Electronic Case Files (CM/ECF) system.

/s/ P. Russell Perdew